### DE LERY v. ROGERS et al.

(Supreme Court, Appellate Division, First Department.   April 11, 1902.)

PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION.

Plaintiff alleged that he owned certain valuable patents, and contracted with defendant R. to form a corporation to manufacture the articles, to which the patents were to be assigned, and R. agreed to furnish the necessary money to conduct the business; that the defendant corporation was so formed, and the patents assigned to it, but that R. had willfully failed to supply the necessary funds,—and prayed a rescission of the contract, and restoration of the patents to plaintiff, and for damages against R. *Held*, that the complaint states two causes of action, which should be separately stated.

Appeal from special term, New York county.

Action by Joseph B. De Lery against Henry H. Rogers and another. From an order denying a motion to require plaintiff to separately state several causes of action, and make his complaint more definite and certain, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

D. Walter Brown, for appellants.
Rollin Tracy, for respondent.

INGRAHAM, J.   It is somewhat difficult, from this complaint, to understand just what cause of action the pleader wished to allege. It is alleged that the plaintiff had made certain inventions, for which he had secured letters patent, and that he entered into negotiations with the defendant Rogers under the full understanding that the main consideration to the plaintiff for entering into said agreements was for the purpose of aiding and promoting his interest in the sale of such inventions and improvements in foreign countries; that in pursuance of such understanding an agreement was made whereby the plaintiff was to assign the patents to a company organized, and in consideration thereof was to receive a cash payment of 30 per cent. of the stock of the company to be organized for the purpose of manufacturing articles covered by the letters patent; that such contract further provided that the said Rogers would from time to time provide a reasonable amount of money to enable the corporation thus organized to properly conduct the business of making and selling the articles covered by the patents; and that in pursuance of this contract the plaintiff transferred the patents to the corporation thus organized, and received the money agreed to be paid to him, and the stock to which he was entitled under the contract; but that the defendant Rogers has failed and refused to provide a reasonable amount of money to enable the corporation to carry on its business, and has managed the company improvidently and improperly, with intention to deprive the plaintiff of his interest in the company, and to prevent his participation in such benefits, so that the plaintiff's inventions are practically worthless and of no value whatever, all of which is due and owing to the illegal and wrongful acts of the defendants; and the judgment demanded is that

75 N.Y.S.—33

the defendants be enjoined and restrained from in any way disposing of the articles covered by the letters patent, that the said contract and agreement be canceled and surrendered, and that the plaintiff recover the sum of $100,000.

There is no allegation that the corporation organized is under the control of Rogers; that any demand has been made that the corporation commence any action to enforce the agreement of Rogers to pay to it sufficient capital to enable it to conduct its business. No tender of the money and stock that the plaintiff has received is alleged, nor does the plaintiff offer to restore to the corporation or to Rogers the money or stock that he has received, as a condition for a rescission of the contracts. Upon these allegations of the complaint, I do not think that the action could be maintained as an equitable action, either for the injunction demanded, or for the rescission of the contracts. There is, however, the allegation of the making of the contract by which Rogers agreed to pay to the corporation the necessary money to enable it to conduct its business, and that he has violated that contract; and it may be that sufficient facts are alleged to justify a recovery of the damages that the plaintiff could show that he has sustained in consequence of this violation of the contract by Rogers. The plaintiff's counsel, in his brief, stated that he had three remedies. The one he adopted he characterizes as an "action in equity to rescind and for equitable relief, offering in his complaint to restore, in case he is not entitled to retain what he had received," but I can see no offer in the complaint to restore anything; and he is certainly not entitled to receive back from the corporation a transfer of the patents, or to prevent the corporation from acting under them, without tendering back, or offering in his complaint to restore, the stock that he has received. As I read this complaint, there are at least two causes of action sought to be alleged,—one for the rescission, and one to recover damages from Rogers because of Rogers' failure to comply with his contract to furnish money to the corporation; and I think these two causes of action should be separately stated. The corporation is alleged to be a party to the second contract, which it is alleged Rogers has violated. So far as the plaintiff seeks to rescind this contract and get back his patents, if he does seek that relief, although it is not demanded, that action would be primarily against the company; and Rogers, as being a party to the contract under which the patents were assigned, might be a proper party to that action, as one interested in the controversy. On the other hand, so far as the action for damages is concerned, it would seem that the company was neither a proper nor a necessary party. The complaint does not allege that the corporation has violated its contract, and the only relief that plaintiff could have would be a money judgment against Rogers. I am inclined to think, therefore, that there are two distinct causes of action; and, without intimating an opinion that the facts alleged are sufficient to sustain either, I think the plaintiff should be compelled to state separately these two causes of action, namely, one an equitable action for a rescission as against the company, and the other, the legal cause of action for damages against Rogers. As this would necessitate the service of a new complaint, it is not necessary to pass upon the further branch of the motion by

which the defendants sought to require the plaintiff to make the complaint more definite and certain.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted to the extent indicated, with $10 costs. All concur.

---

(70 App. Div. 427.)

LEHIGH VAL. RY. CO. et al. v. ADAM et al., Grade Crossing Com'rs.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1902.)

1. RAILROADS — MUNICIPAL CORPORATIONS — REGULATION OF CROSSINGS — STATUTES.

2. SAME—CONSTITUTIONAL LAW—POLICE POWER.

The act was a valid exercise of the police power, and was not a violation of the constitutional inhibition on the impairment of contracts.

Appeal from special term, Erie county.